[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11962
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:07-cv-01844-RDP

RENEE RITCHEY,

                    Plaintiff-Appellant,

versus

SOUTHERN NUCLEAR OPERATING COMPANY, INC.,
DUANE BROCK,

                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 20, 2011)

Before BARKETT, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Renee Ritchey appeals the district court's grant of summary judgment in favor of Southern Nuclear Operating Company ("SNOC") and Duane Brock (collectively "the defendants") as to her claims alleging (1) discrimination and harassment based on gender, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), 2000e-3(a); (2) violations under the Equal Pay Act, 29 U.S.C. § 206(d)(1); (3) violations under the Age Discrimination in Employment Act of 1975 ("ADEA"), 29 U.S.C. § 623; and (4) violations of various Alabama state provisions prohibiting the negligent hiring, training, supervision, and retention of employees, and the intentional infliction of emotional distress. On appeal, Ritchey does not challenge the substantive legal conclusions of the district court as to her various claims, but instead argues that the district court made procedural errors in applying the summary judgment standard. After careful review of the record and the parties' briefs, we affirm.

## I.

Ritchey first argues that the district court erred by failing to determine whether the defendants discharged their initial summary judgment burden under Federal Rule of Civil Procedure 56, and that the defendants actually failed to discharge that burden. We review a district court's order granting summary judgment de novo, viewing all the facts in the record in the light most favorable to

the non-moving party, and drawing all inferences in its favor. Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1311 (11th Cir. 2001). "The movant bears the initial responsibility of informing the district court of the basis for its motion by identifying those portions of the record that demonstrate the absence of genuine issues of material fact." Baldwin Cnty. v. Purcell Corp., 971 F.2d 1558, 1563 (11th Cir. 1992) (quotation marks omitted). A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

Ritchey argues that district court failed to determine whether the defendants discharged their initial summary judgment burden, and further that the defendants did not discharge that burden because the argument section of the defendants' memorandum of law in support of their motion for summary judgment did not include explicit cross-references to the numbered paragraphs in the defendants' statement of undisputed facts. First, we observe that Ritchey did not argue that the defendants failed to meet their initial summary judgment burden before the district court in her response to the defendants' motion for summary judgment. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004)

3

(holding that any arguments not raised in the district court are deemed waived and are not considered on appeal).  However, we consider this argument on appeal to the extent that Ritchey appears to argue that the district court erred in failing to determine sua sponte whether the defendants had discharged their initial summary judgment burden.  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 609 n.9 (11th Cir. 1991) (directing district courts to "begin their inquiries on a motion for summary judgment by asking whether the moving party has met its burden").

We conclude that the district court did not err.  The district court properly explained that "[t]he party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact."  But the district court then proceeded to consider whether Ritchey could establish a genuine issue of material fact on each of her numerous claims, without first explicitly stating whether the defendants had satisfied their initial burden.  Nevertheless, we conclude from the district court's proper recognition of the defendant's initial summary judgment burden that the district court implicitly found that the defendants discharged their burden in this case.  Furthermore, we agree with that finding.  The defendants properly informed the district court of the basis of the summary judgment motion

4

by submitting a statement of undisputed facts that was individually supported by citations to the record, and then asserting a lack of legal basis underlying each of Ritchey's employment claims. See Baldwin Cnty., 971 F.2d at 1563. We reject Ritchey's suggestion that the district court was required to find sua sponte that the defendants failed to discharge their initial burden simply because the argument section of their memorandum of law did not explicitly cross-reference the numbered paragraphs contained in their statement of undisputed facts. Instead, we conclude that the district court did not err by implicitly finding that the defendants discharged their initial summary judgment burden in this case.

## II.

Ritchey next argues that the district court erred in failing to view all the evidence in the light most favorable to her. Once the moving party satisfies its initial responsibility, as described above, the burden shifts to the nonmoving party to rebut the movant's showing with sufficient evidence. Baldwin Cnty., 971 F.2d at 1563. "When the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted." Id. (quotation marks omitted). The nonmoving party must provide more than a "mere scintilla of evidence" to survive a motion for summary judgment, and there must be "sufficient disagreement" in evidence to support a jury question.

Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999) (en banc) (quotation marks omitted). Likewise, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Baldwin Cnty., 971 F.2d at 1563 (quotation marks omitted). "A fact is material only when the dispute over it has the potential to change the outcome of the lawsuit under the governing law if found favorably to the nonmovant." Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1455 (11th Cir. 1997).

Ritchey takes issue with several factual findings of the district court, but makes no legal arguments tying those findings to her underlying claims. Instead, she challenges those factual findings in isolation, without any explanation for why those factual disputes are material, or even relevant, to her claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) ("[T]he substantive law will identify which facts are material."). For example, Ritchey first takes issue with the district court's finding that she was a "poor performer," but she does not explain how a contrary finding that she was, instead, not a poor performer could change the outcome at summary judgment as to of any of her claims. See Zaben, 129 F.3d at 1455. Similarly, Ritchey argues that the district

6

court erred in finding that the Performance Improvement Plan ("PIP") she was placed on was not punitive in nature, and that SNOC appropriately responded to Ritchey's internal complaints. But, again, Ritchey fails to explain how a rejection of these factual findings would preclude summary judgment on any of her claims.[1] Ritchey cannot prevail at summary judgment without establishing the existence of some genuine issue of material fact. See Baldwin Cnty., 971 F.2d at 1563. Because the "the substantive law will identify which facts are material," Anderson, 477 U.S. at 248, 106 S. Ct. at 2510, Ritchey's failure to make any arguments based on substantive law is fatal to her arguments on appeal.[2]

We also reject Ritchey's argument that the district court erred in finding sua sponte that any Title VII discrimination claim based on Ritchey's placement on the PIP would not be timely because it occurred over 180 days before Ritchey

---

[1] Perhaps a finding that Ritchey was not a poor performer might have been relevant to an argument that she has submitted sufficient evidence of pretext to survive summary judgment on her Title VII, ADEA or Equal Pay Act claims. Similarly, perhaps Ritchey intends to suggest that the PIP constituted an adverse employment action, or that SNOC's response may be relevant to a Faragher–Ellerth defense. See Faragher v. City of Boca Raton, 524 U.S. 775, 118 S. Ct. 2275 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257 (1998). But Ritchey has not made these arguments, and we will not make them for her. Moreover, we note that Ritchey has abandoned any such arguments she made before the district court by failing to include them in her opening brief before this Court. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that issues not argued on appeal are deemed abandoned).

[2] Ritchey's contention that the district court erred in ignoring evidence that she adequately completed a project involving a lighting issue at an SNOC-operated nuclear power plant is similarly doomed by her failure to explain how her adequate completion of that project would be material to any of her claims.

filed her EEOC charge. See Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 448 (11th Cir. 1993) ("As a prerequisite to bringing suit under Title VII, a charge must be filed with the EEOC within 180 days of the date of the act giving rise to the charge.") Ritchey argues that in raising the issue of timeliness sua sponte the district court deprived her of an opportunity to respond with arguments that the claim was timely. Yet, when Ritchey was ultimately presented with an opportunity to argue that the claim was timely in her brief to this court, she simply suggests, without any elaboration or explanation, "that [SNOC's] gender discrimination should be considered a continuing violation." See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061 (2002). Aside from a single general citation to Morgan, Ritchey has not offered any argument or explanation for her apparent contention that placement on the PIP was not a discrete act. "That is not adequate presentation of the issue." Smith v. Sec'y, Dep't of Corrs., 572 F.3d 1327, 1352 (11th Cir. 2009); Fed. R. App. P. 28(a)(9)(A) (stating that the argument section of the appellant's brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities

8

and parts of the record on which the appellant relies"). As such, we consider this issue abandoned on appeal.[3] Greenbriar, Ltd., 881 F.2d at 1573 n.6.

Because Ritchey's arguments on appeal fail to identify any *material* issue of fact that would preclude summary judgment on any of her claims, we affirm the district court's grant of summary judgment in favor of the defendants.

For all of these reasons, we affirm.

**AFFIRMED.**

---

[3] Similarly, Ritchey also argues, without elaboration, that the district court erred in concluding that she had failed to make a showing that she and her alleged comparators were similarly situated in all relevant respects. Ritchey rejects the district court's conclusion, but offers no argument in support of her position. But this too "is not adequate presentation of the issue." Smith, 572 F.3d at 1352; Fed. R. App. P. 28(a)(9)(A). As such, Ritchey has also abandoned this issue on appeal. Greenbriar, Ltd., 881 F.2d at 1573 n.6.