BUCCELLATI HOLDING ITALIA SPA
and Buccellati, Inc., Plaintiffs,

v.

LAURA BUCCELLATI, LLC, Laura
Buccellati, and Lilian Azel,
Defendants.

Laura Buccellati, LLC, and Laura
Buccellati Counter–Plaintiffs,

v.

Buccellati Holding Italia Spa, Buccel-
lati, Inc., and Buccellati Watches
SA, Counter–Defendants.

Case No. 1:13–cv–21297–KMM.

United States District Court,
S.D. Florida.

Signed March 18, 2014.

Andre K. Cizmarik, H. Straat Tenney, Perla M. Kuhn, Rory J. Radding, Edwards Wildman Palmer, LLP, New York, NY, Barry Kramer, Edwards Wildman Palmer LLP, Stamford, CT, David Kenneth Friedland, Geoffrey Lottenberg, Jaime Rich Vining, Friedland Vining, P.A., Coral Gables, FL, Jami A. Gekas, Foley & Lardner, LLP, Chicago, IL, Andrea Isabel Gonzalez, Foley & Lardner LLP, Miami, FL, for Plaintiffs.

David Thomas Azrin, Gallet Dreyer & Berkey LLP, New York, NY, Albert Bordas, Albert Bordas PA, Miami, FL, Leonardo G. Renaud, Leonardo G. Renaud, P.A., Miami Lakes, FL, for Defendants.

### ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT AND DISMISSING DEFENDANTS' COUNTERCLAIMS WITHOUT PREJUDICE

KEVIN MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Plaintiffs' Motion for Partial Summary Judgment (ECF No. 110). Defendants filed a Response in Opposition (ECF No. 137) and Plaintiffs filed a Reply (ECF No. 179). On March 12, 2014, this Court held a hearing on Plaintiffs' Motion for Summary Judgment where the Court granted Plaintiffs' Motion for Summary Judgment on all of Defendants' affirmative defenses (1–13) and *sua sponte* dismissed Defendants' counterclaims, without prejudice, with instructions to the Parties to return to the United States Patent and Trademark Office and proceed with Plaintiffs' U.S. Trademark Application Serial No. 77281335, Defendants' Opposition proceeding, and Defendants' U.S. Trademark Application Serial No. 77430142.[1] This Order follows.

---

1. As a result of the Court's dismissal of Defendants' counterclaims, Counter–Defendant Buccellati Watches SA is dismissed from this case. Accordingly, Buccellati Watches SA's

## I. BACKGROUND

The facts in this case have been outlined in a number of this Court's prior orders. *See* ECF Nos. 59, 91, 119. Essentially, this is a case brought by some members of the Buccellati family against another member of the Buccellati family seeking injunctive relief and damages for alleged acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition. Compl., at ¶ 1 (ECF No. 1).

Plaintiff Buccellati Holding Italia SPA is a corporation organized and existing under the laws of the country of Italy, having its principal place of business in Milan, Italy.

Compl., at ¶ 4. Plaintiff Buccellati Inc. is a corporation organized and existing under the laws of the State of New York, having its principal place of business in the Bronx, New York. Compl., at ¶ 5. Defendants Laura Buccellati and Lilian Azel are the co-founders of Defendant Laura Buccellati LLC, a limited liability company organized and existing under the laws of the State of Florida, having its principal place of business in Miami, Florida. Compl., at ¶ 6–8.

Plaintiffs are the owners of the right, title and interest in and to the following federally registered trademarks and service marks:

| Mark | Reg. No. | Reg. Date | First Use | Int'l Class(es) |
|------|----------|-----------|-----------|-----------------|
| BUCCELLATI | 841,635 | 1/2/1968 | 12/13/1952 | 8, 14 |
| BUCCELLATI | 865,932 | 3/14/1969 | 12/31/1958 | 35 |
| BUCCELLATI | 2,156,171 | 5/12/2008 | 12/31/1952 | 14 |

Compl., at ¶ 10. Plaintiffs are suing Defendants for trademark infringement because Defendants are engaged in designing and selling products such as handbags, carryalls, purses, wallets, belts, and scarves under the LAURA BUCCELLATI name and trademark. Compl., at ¶ 16.

Plaintiffs first commenced their lawsuit in the Southern District of New York on or about October 14, 2011. Countercl., at ¶ 46. In an Order dated March 27, 2013, the Honorable Paul G. Gardephe dismissed the lawsuit for lack of personal jurisdiction. Countercl., at ¶ 47.

Plaintiffs filed their Complaint in this Court on April 12, 2013 (ECF No. 1). Defendants filed their Answer, Affirmative Defenses, and Counterclaims on June 24, 2013 (ECF No. 16). Plaintiffs filed a Motion to Strike Defendants' Affirmative Defenses (ECF No. 28), which this Court granted in part and denied in part (ECF

No. 59). Defendants then filed Amended Affirmative Defenses (ECF No. 69).

Plaintiffs also filed a Motion to Dismiss Defendants' Counterclaims (ECF No. 29) and a Motion to Dismiss Counter–Defendants for Lack of Personal Jurisdiction (ECF No. 49). The Court granted in part and denied in part both Motions (ECF Nos. 91, 119).

Plaintiffs subsequently filed the instant Motion for Partial Summary Judgment asking the Court to strike all of Defendants' affirmative defenses and most of Defendants' counterclaims (ECF No. 110).

## II. LEGAL STANDARD

■ Summary judgment may be entered only where there is no genuine issue of material fact. *Twiss v. Kury,* 25 F.3d 1551, 1554 (11th Cir.1994). The moving party has the burden of meeting this exacting standard. *Id.; see also Adickes v.*

Motion for Summary Judgment for Lack of Personal Jurisdiction (ECF No. 134) is denied

as moot.

*S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials."

*Ritchey v. S. Nuclear Operating Co.,* 423 Fed.Appx. 955, 956–57 (11th Cir.2011) (quoting Fed.R.Civ.P. 56(c)(1)). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir.1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id.*

In applying this standard, the district court must view the evidence and make all factual inferences therefrom in the light most favorable to the party opposing the motion. *Id.* "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is proper where the party bearing the burden of proof at trial fails to establish the existence of an essential element to his case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. ANALYSIS

Plaintiffs' Motion asks the Court to grant summary judgment with regard to each of Defendants' affirmative defenses (1–13). Defendants have since withdrawn affirmative defense no. 4 (innocent local use).[2] As previously mentioned, the Court held oral argument on Plaintiffs' Motion on March 12, 2014. At the conclusion of the hearing, after presentation by both sides, this Court concluded that Plaintiffs are entitled to summary judgment on all of Defendants' affirmative defenses.

1. *Affirmative Defense 8, 10, 11, 12, and 13*

■ Plaintiffs are the owners of three incontestable federally registered trademarks for the mark BUCCELLATI. Compl., at ¶ 10; Mot. for Summ. J., at 9. Plaintiffs' trademarks, attached as Exhibit A to Plaintiffs' Complaint, are for a variety of goods and services, including jewelry, retail jewelry store services, flatware, candlesticks, writing instruments, and wristwatches and pocket watches. Under 15 U.S.C. § 1115(b), an incontestable registration is "conclusive evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the mark in

**2.** Plaintiffs Motion also asks the Court to grant partial summary judgment on Defendants' counterclaims, specifically, Declaration B and Declaration D in Count I, Defendants' counterclaim to cancel the Plaintiffs' Application Serial No. 77281335 in Count II, and Defendants' counterclaim to lift the suspension on Defendants' U.S. Trademark Application Serial No. 77430142 and issue a concurrent use registration in Count II. As previously stated, *supra* at page 1370, the Court dismisses all of Defendants' counterclaims without prejudice and so Plaintiffs' Motion for Partial Summary Judgment of Defendants' Counterclaims is denied as moot.

commerce." 15 U.S.C. § 1115(b). The benefit of holding an incontestable mark is that a defendant cannot attack the registration itself, except by way of the defenses enumerated in 15 U.S.C. § 1115(b). *See Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.,* 469 U.S. 189, 196, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985) (the Lanham Act expressly provides that before a mark becomes incontestable an opposing party may prove any legal or equitable defense which might have been asserted if the mark had not been registered, however, once a mark is incontestable the registration is conclusive evidence of the registrant's exclusive right to use the mark, subject only to the defenses enumerated in the statute).

Defendants' affirmative defenses 8 (unclean hands), 10 (use of a surname), 11 (first amendment), 12 (failure to mitigate), and 13 (adequate legal remedy), are not enumerated in 15 U.S.C. § 1115(b). Accordingly, Plaintiffs are entitled to summary judgment as a matter of law on these defenses.[3]

### 2. *Affirmative Defenses 5, 6, and 7*

Defendants' affirmative defenses 5 (laches), 6 (acquiescence), and 7 (estoppel) are equitable defenses, which Defendants are entitled to raise pursuant to 15 U.S.C. § 1115(b)(9). While each equitable defense is different, they share many common elements. In order to decide whether any of the equitable defenses applies to the facts of the instant case, it is necessary to develop a timeline. The timeline is as follows:

- September 2007—Plaintiffs file their intent-to-use application (Application Serial No. 77281335) with the United States Patent and Trademark Office. Answer, at ¶ 28.
- March 2008—Defendants file their intent-to-use trademark (Application Serial No. 77430142) application. *Id.* at ¶ 27; *see also* Buccellati's Local Rule 56.1 Statement of Undisputed Materials Facts in Support of its Motion for Partial Summary Judgment ("Pls.' SOF"), at ¶ 2 (ECF No. 110).
- August 2008—Plaintiffs send a cease and desist letter to Defendants. Pls.' SOF, at ¶ 13, Ex. XVII; *see also* Defendants' Statement of Material Facts in Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Defs.' SOF"), at ¶ 50 (ECF No. 144).
- April 2009—Laura Buccellati visits Gianmaria Buccellati in Milan, Italy. *See*

---

**3.** There was a great deal of discussion at oral argument about whether Defendants were limited to the affirmative defenses listed in 15 U.S.C. § 1115(b). Plaintiffs' registrations include a number of goods and services, *i.e.*, jewelry, flatware, candlesticks, however, the registrations do not include leather goods or handbags. The language of the statute provides that an incontestable trademark is conclusive evidence of the registrant's exclusive right to use the mark "on or in connection with the goods or services specified in the affidavit ... or in the renewal application." Plaintiffs' made the argument in their Motion for Summary Judgment that they are entitled to judgment as a matter of law on Defendants' affirmative defenses that are not enumerated in 15 U.S.C. § 1115(b). Defendants failed to respond to Plaintiffs on this point in their papers, however, at oral argument Defendants made the argument that, because Plaintiffs' registrations do not include leather goods or handbags, Defendants are not limited to the affirmative defenses listed in 15 U.S.C. § 1115(b). The Court disagrees. Defendants are confusing the issue of affirmative defenses used to attack Plaintiffs' registrations and the defenses available to Defendants at trial to demonstrate that Defendants' use of the mark Laura Buccellati is not likely to cause confusion with Plaintiffs' mark. However, even if Plaintiffs were not entitled to summary judgment on these affirmative defenses as a matter of law on the basis of § 1115(b), there remains no disputed issue of material fact that would preclude this Court from granting Plaintiffs' Motion for Summary Judgment as to these defenses.

Declaration of Laura Buccellati in Opposition to Plaintiffs' Motion for Partial Summary Judgment, ("LB Declaration"), at ¶¶ 28–31.

· May 2009—Laura Buccellati has a conversation with her brother Mario II who tells her that he spoke to Alberto Milani at the New York Buccellati store and that Milani told Mario II that Milani "did not believe there would be a conflict with Laura Buccellati LLC, given the different product and different name being used." LB Declaration, at ¶ 31. Mario II also tells Laura that "he had just finished meeting with Gianmaria in Milan, and that Gianmaria would not take legal action against [Laura Buccellati]." *Id.*

· June 2009—Laura Buccellati receives a proposed trademark licensing agreement from Gianmaria Buccellati, which she turns down. *Id.* at ¶ 34.

· August 2009—Laura Buccellati emails Gianmaria Buccellati stating that she wishes that they could find a way to "coexist" and work together. *Id.* at ¶ 34.

· October 2009—Gianmaria Buccellati reiterates his support for Laura's project and again tells her to sign the licensing agreement. *Id.* at ¶ 35; *see also* Defs.' SOF, ¶ 53.

· November 2009—Laura Buccellati turns down the licensing agreement and asks Gianmaria to "consider a different approach." LB Declaration, at ¶ 35.

· December 2009—Defendants file an amendment to their trademark application to allege actual use in commerce. Answer, at ¶ 27.

· January 2010—Defendants file an Opposition to Buccellati's trademark application before the Trademark and Appeal Board. LB Declaration at ¶ 43. Also in January 2010, Gianmaria Buccellati reiterates to Laura Buccellati

that she must sign the licensing agreement. LB Declaration, at ¶ 35.

· October 2010—Plaintiffs send a letter to Defendants demanding that they cease use of the mark. *See* Pls.' SOF, ¶ 13, Ex. 28. Gianmaria Buccellati sends Laura Buccellati a letter stating that Buccellati is not interested in any of her proposals regarding her handbag company. Answer, at Exhibit M1 ("Don't you think that I would have already organized myself since so long if I ever had had the idea to add some leather articles to my selection of jewelry and silverware, just as many other jewelers have made (thus losing their prestige?)"). Gianmaria also states: "In order to avoid unpleasant and expensive consequences, I ask you to review your position about the use of the name and the brand, that—as you perfectly know—belong to Buccellati Holding Italia SPA, and to come to more logical positions, as I always proposed you." *Id.*

· October 2011—Plaintiffs file an infringement suit against Defendants in the Southern District of New York, which is later dismissed for lack of personal jurisdiction. Pls.' SOF, at ¶ 15.

· April 2013—Plaintiffs file the instant action. *See generally* Compl. (ECF No. 1).

### a. *Affirmative Defense No. 5: Laches*

▮▮▮ Defendants assert that Plaintiffs' claims and relief sought are barred in whole or in part under the doctrine of laches. Amended Affirmative Defenses, at ¶ 5. The burden of establishing laches as an affirmative defense is on the Defendants. *Conagra, Inc. v. Singleton,* 743 F.2d 1508, 1516 (11th Cir.1984). In order to prevail, Defendants must show that Plaintiffs: (1) delayed in enforcing its trademark rights; (2) that the delay was

not excusable; and (3) that the delay caused undue prejudice. *Id.* at 1517. Delay is measured from the time the plaintiff knew or should have known that it had a provable claim for infringement, but it is under no obligation to sue until the likelihood of confusion looms large. *Kason Indus. v. Component Hardware Grp., Inc.,* 120 F.3d 1199, 1206 (11th Cir.1997). The amount of prejudice suffered by the defendant is weighed against the public interest in avoiding confusion. *Conagra,* 743 F.2d at 1517.

Turning to the first element, Defendants claim that Plaintiffs unreasonably delayed in commencing their action for infringement or asserting their rights against Defendants. Amended Affirmative Defenses, at ¶ 5. However, the facts do not support such an assertion. If the Court only looked at the date that Plaintiffs sent their cease and desist letter, in August 2008, and the date that this suit was brought, in April 2013, such a defense may have been possible. However, it is clear from the facts outlined in the timeline *supra* at pages 1373–74, that between 2008 and 2013, the parties were in constant communication, in an attempt to ascertain whether a peaceful co-existence was possible between the parties and during the entire course of their discussions Plaintiffs continued to lodge formal and informal objections to Defendants' use of the mark. Thus, any possible delay would be excusable. Accordingly, this Court finds that, even taking the facts in the light most favorable to the Plaintiff, as the Court is required to do at the summary judgment stage, laches is not an applicable affirmative defense to the set of facts in this case. Accordingly, summary judgment will be granted as to this affirmative defense.

### b. Affirmative Defense No. 6: Acquiescence

▮ Defendants assert that Plaintiffs' claims and the relief sought are barred in whole or in part under the doctrine of acquiescence for essentially the same reasons stated above in the laches defense. Amended Affirmative Defenses, ¶ 6. Acquiescence requires active consent to the infringer's conduct. *Univ. of Ala. Bd. of Trustees v. New Life Art, Inc.,* 683 F.3d 1266, 1281 (11th Cir.2012). On a defense of acquiescence, Defendants must prove that: (1) Buccellati actively represented it would not assert a right or claim; (2) the delay between the active representation and assertion of the right or claim was inexcusable; and (3) the delay caused the Defendants undue prejudice. *See id.*

Defendants support this defense by citing to a conversation that Laura Buccellati had with her brother Mario II in May 2009, where Mario II stated that he had spoken with Alberto Milani and Gianmaria Buccellati and they had indicated to him that they did not have a problem with Laura Buccellati's company. LB Declaration, at ¶¶ 32–33. Even assuming that each of these conversations took place, this is not active consent to Laura Buccellati's infringement. Furthermore, any conclusion that Laura Buccellati reached regarding Milani and Gianmaria's consent, would have been quickly dashed when, in June 2009, Gianmaria emailed Laura Buccellati with a proposed licensing agreement. LB Declaration, at ¶ 34.

Furthermore, it is necessary to note that Defendants Laura Buccellati and Lilian Azel are not unsophisticated women. They both went to college and to graduate school. LB Declaration, at ¶ 25. No reasonable juror could find—based on Laura Buccellati's conversation with Mario II where Mario II is relaying conversations that he had with other individuals— that these two women really believed that they had the green light to proceed with their business plan. This is especially true in light of the plethora of documents

that were exchanged between Plaintiffs and Defendants, as outlined in the timeline *supra* at pages 1373–74, where Plaintiffs are ordering Defendants to cease and desist, offering Defendants licensing agreements, and telling Defendants to steer clear of the Buccellati mark or there will be consequences. Laura Buccellati's correspondence with Gianmaria Buccellati, demonstrates that she did not believe that Plaintiffs had consented to her using the Buccellati trademark. She is continually asking Gianmaria to "consider a different approach" and asking him to allow her business to co-exist with the Buccellati brand. *See* Answer, at Ex. M2. These responses simply are not the responses of a woman who believes that Plaintiffs have acquiesced to her business plan. Accordingly, Plaintiffs are entitled to summary judgment on this affirmative defense.

*c. Affirmative Defense No. 7: Estoppel*

 Defendants assert that Plaintiffs' claims and the relief sought are barred in whole or in part by the doctrine of estoppel for the same reasons that Defendants claim that they are entitled to plead laches and acquiescence, *i.e.*, Plaintiffs led Defendants to believe that they would not pursue legal action and delayed in commencing their infringement suit and Defendants detrimentally relied upon these statements and this inaction and have been prejudiced as a result. Amended Affirmative Defenses, at ¶ 7. Equitable estoppel requires that Defendants prove: (1) Buccellati misrepresented material facts; (2) Buccellati was aware of the true facts; (3) Buccellati intended that the misrepresentation be acted on or had reason to believe that Defendants would rely on the misrepresentation; (4) Defendants did not know, nor should they have known the true facts; and (5) Defendants reasonably and detrimentally relied on the misrepresentation. *See Dawkins v. Fulton Cnty. Gov't*, 733 F.3d 1084, 1089 (11th Cir.2013). For the same reasons that this Court finds that Plaintiffs

are entitled to summary judgment on the affirmative defenses of laches and acquiescence, the Court finds that Plaintiffs are entitled to summary judgment on the affirmative defense of estoppel.

*3. Affirmative Defenses 1, 2, 3 and 9*

*a. Affirmative Defense No. 1: Abandonment of the Use of the Mark in Connection with Purses*

 Defendants assert that Plaintiffs ceased manufacturing or selling purses in the 1960s and thus abandoned any possible claim to the use of the name Buccellati in connection with purses. Amended Affirmative Defenses, at ¶ 1 (ECF No. 69). Defendants are entitled to raise this affirmative defense because it is one of the enumerated defenses to an incontestable mark. *See* 15 U.S.C. § 1115(b)(2). Under the Lanham Act, a federally registered trademark is considered abandoned if its use has been discontinued with intent not to resume use. *Citibank, N.A. v. Citibanc Grp.*, 724 F.2d 1540, 1545 (11th Cir.1984). Plaintiffs argue that they are entitled to summary judgment on this defense because they have not abandoned their mark.

Plaintiffs additionally point out that they are not asserting their rights under the Buccellati mark to make bags. Instead, Plaintiffs are bringing suit on the basis that Defendants' leather handbags and accessories are so closely related to the goods and services covered by Buccellati's incontestable registrations that confusion is bound to ensue. Defendants are welcome to argue at trial that there is no likelihood of confusion between Defendants' handbags and Plaintiffs' products because Plaintiffs are not in the business of making handbags. However, Defendants are not entitled to raise abandonment as an affirmative defense because Plaintiffs have not abandoned their mark.

Thus, the Court finds that Plaintiffs are entitled to summary judgment on this defense.

### b. Affirmative Defense No. 2: Abandonment by Permitting Use of the Mark Which Has Caused it to Lose Its Significance

▆ Defendants assert that Plaintiffs have knowingly permitted Buccellati family members with the same last name to use the Buccellati name, *i.e.*, Mario Buccellati, Federico Buccellati, Gianmaria Buccellati, and Maria Buccellati, to advertise, promote, and identify goods in the jewelry and fashion industry, which has caused the mark Buccellati to lose its significance as a mark and as an indication of origin. Amended Affirmative Defenses, at ¶ 2. Defendants are entitled to raise this affirmative defense because it is one of the enumerated defenses to an incontestable mark. *See* 15 U.S.C. § 1115(b)(2). Plaintiffs argue that they are entitled to summary judgment on this defense because third party use of similar marks outside the United States cannot establish abandonment of Plaintiffs' rights in the United States. Mot. for Summ. J., at 17. This is because the Lanham Act is only concerned with the marks used in the United States. *See E. Remy Martin & Co., S.A. v. Shaw–Ross Int'l Imports, Inc.*, 756 F.2d 1525, 1531–32 (11th Cir.1985) (refusing to consider the status and circumstances of trademarks in France in connection with domestic trademark-infringement litigation). Plaintiffs are the sole registrant for any mark incorporating "Buccellati" in the United States. Pls.' SOF, at ¶ 16. Accordingly, Plaintiffs are entitled to summary judgment as to this affirmative defense.

### c. Affirmative Defense No. 3: Fair Use

▆ Defendants assert that they are making fair use of the name Laura Buccellati in good faith only to describe the goods of Laura Buccellati and her business. Amended Affirmative Defenses, at ¶ 3. Defendants are entitled to raise this affirmative defense because it is one of the enumerated defenses to an incontestable mark. *See* 15 U.S.C. § 1115(b)(4). Fair use only applies to use of a term or phrase that is done (1) other than as a mark, (2) in a descriptive sense, and (3) in good faith. *Id.; see also Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir.2006).

In this case, Defendants are using the term Laura Buccellati as a trademark, in U.S. commerce, on their products, to indicate the source of their products. *See* Pls.' SOF, at ¶¶ 3, 5. Defendants applied to register the Laura Buccellati trademark. *See* Answer, at ¶ 27. Defendants are seeking a declaration that the mark does not infringe upon Plaintiffs' registrations. *See id.* at 21. There is no question that Defendants are using Laura Buccellati's name as a mark. As Plaintiffs stated at oral argument, if Defendants were putting " 'X Handbags' by Laura Buccellati" on their products, we would be having a different discussion. However, these handbags include the mark "Laura Buccellati," which Defendants are seeking to register as a trademark. Accordingly, Defendants are not entitled to a fair use affirmative defense and Plaintiffs are entitled to summary judgment as to this defense.

### d. Affirmative Defense No. 9: Statute of Limitations

▆ Defendants' assert that Plaintiffs' claims, including Count 2 (unfair competition, false designation of origin, and false description of fact), Count 3 (state law dilution), Count 4 (common law infringement), and Count 5 (common law competition), are barred by the statute of limitations. Amended Affirmative Defense, at ¶ 9. The Lanham Act, which is the basis for Count 2, does not contain a statute of

limitations. *See Kason Indus., Inc. v. Component Hardware Grp., Inc.*, 120 F.3d 1199, 1203 (11th Cir.1997). Furthermore, claims for trademark infringement are usually actionable throughout the period of infringement because infringement is a continuing wrong. J. Thomas McCarthy, MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION, § 31:33. Accordingly, Defendants' assertion of a statute of limitations defense with respect to Count 4, Buccellati's common law infringement claims, is incorrect.

With regard to the other claims, the Court finds that Plaintiffs brought their suit within the four year statute of limitations period, provided by Fla. Stat. 95.11(3)(f). The statute of limitations period does not start to run until the last element, constituting a cause of action occurs. Here, Defendants did not file an affidavit confirming use of their infringing mark in U.S. commerce until December 2009. Answer, at ¶ 27. Buccellati filed the instant suit in April 2013. *See* Compl. This falls within the four year period. Accordingly, Plaintiffs are entitled to summary judgment as to this affirmative defense.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion for Partial Summary Judgment is GRANTED IN PART AND DENIED IN PART. Summary judgment is entered in favor of the Plaintiffs against Defendants' affirmative defenses (1–13). Summary judgment is denied as moot regarding Defendants' counterclaims.

It is FURTHER ORDERED AND ADJUDGED that Defendants' counterclaims are *sua sponte* DISMISSED WITHOUT PREJUDICE. The Parties are instructed to move the United States Patent and Trademark Office to proceed with Plaintiffs' U.S. Trademark Application Serial No. 77281335, Defendants' Opposition pro-

ceeding, and Defendants' U.S. Trademark Application Serial No. 77430142.

Accordingly, Counter–Defendant Buccellati Watches SA is terminated from this case. This case will proceed to trial on April 14, 2014, on Plaintiffs' Complaint.